Bernard Edward MACK, Appellant,

v.

UNITED STATES, Appellee.

No. 82–776.

District of Columbia Court of Appeals.

Submitted April 20, 1983.

Decided July 14, 1983.

William Pietz, Washington, D.C., appointed by this court, for appellant.

Stanley S. Harris, U.S. Atty., with whom Michael W. Farrell, Beverly Purdue and Patricia Broderick, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before KERN and FERREN, Associate Judges, and YEAGLEY, Associate Judge, Retired.

PER CURIAM:

Appellant was tried and convicted by the trial court sitting without a jury of possessing numbers slips in violation of D.C.Code § 22–1502 (1981). It was stipulated at the trial that appellant had in his possession numbers slips and that he had been in the District of Columbia at the time of his arrest and the seizure of those slips. It was further stipulated that appellant's defense was that he was taking the numbers slips to Maryland to use in buying lottery tickets for himself and for friends in the District of Columbia. The trial court rejected the defense proffered by appellant:

> I concluded ... that Mr. Mack is in violation of the Lottery Laws of the District of Columbia when he takes these lottery numbers and intends to take them out to Maryland and play the Maryland Lottery. I find that lottery in the D.C. Code includes any type of lottery whether it be in another jurisdiction or not.

Appellant's sentence of 90 days in jail was suspended by the trial court and he was placed on unsupervised probation for six months.

The language of D.C.Code § 22–1501 and § 22–1502 (1981) is unequivocal. The possession "within the District of Columbia" of "any record, notation ... slip ... paper, or writing, current or not current, used or to be used in violating the provisions of § 22–1501" is illegal. *See* D.C.Code § 22–1502 (1981). Section 22–1501 makes it illegal for any person to "set up, promote, or be concerned ... in any way ... manner, in managing, carrying on, promoting or advertising, directly or indirectly ... any lottery," or to "sell or transfer any change, right, or interest, tangible or intangible, in ... any lottery ...." This language is all-inclusive. Certainly no exception is made or may be implied to exclude from the statute the possession of numbers slips to be used in state-run lotteries of other jurisdictions. Indeed, when the D.C. Lottery was created it was deemed necessary to enact legislation specifically exempting it from

D.C.Code § 22–1501 *et seq. See* D.C.Code §§ 22–1516–1518 (1981).

*Affirmed.*